Reese, J.
delivered the opinion of the court.
This case is identical, in form, with the case of Fisher & Co. vs. Cummings. In substance, it is altogether different.
The bill sets forth, that the complainant, as Clerk and Master of the Chancery Court of Wilson county, holds a note on said C. C. Cummings and one W. R. Phipps, for the sum of $561 25, dated 13th September, 1844, and due 12 months after date, which note was given to the complainant for the benefit of the creditors of J ames McDaniel, dec’d; that suit had been brought *280 on said note in the Circuit Court of Wilson county, and judgment would be recovered at the next term of said court; that George D. Cummings and W. R. D. Phipps are both wholly insolvent; that on the hearing, said complainant will file said note if required. The bill states that said C. C. Cummings is owner of twenty or twenty-two negroes, and that complainant is informed and believes that he is about to remove his property beyond the limits of this State, or will otherwise so conceal or dispose of his property and effects that it will not be subject to the payment of said debts, and by such means the same will be lost; and he prays that subpoenas and copy issue, and an attachment issue, and the property be sold, &c. In this case too the attachment was discharged, and the property attached released, and the bill dismissed with costs. In this, we think, it to be very clear, that the Chancellor erred. What in substance and legal effect (form out of the question) was this proceeding? Nothing more than a petition upon oath, in the case of McDaniel’s creditors, by the officer of the court, in whose name, for the benefit of such creditors, a security was taken, showing that funds in the course of collection, in that cause, under the superintendance of the Chancery Court, were in imminent hazard of being lost; funds that the Chancery Court, without suit at law, might have ordered to be paid into court; funds that might have been collected by execution from the Chancery Court, without a suit at law, or pending a suit at law; funds likely to be lost by this circuitous, tedious, and unnecessary resort to a court at law.
The jurisdiction of the Chancery Court was primary: the attachment in such a case, and under such circumstances, altogether proper; existing on general grounds, without any aid from the act of 1843, ch. 29. Other means might have been taken, as we have shown, but this means was appropriate; and the note, by being in the power of the court, might at once, and without waiting for the action of the court of law, have been subjected to the satisfaction of the chancery claims in the case of McDaniel’s creditors.
Let the decree be reversed, and the case be remanded to the Chancery Court, and the defendant pay the cost of this court.